UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **CURLEY LYONS, JR.** | **CIVIL ACTION NO. 07-1353** |
| VS. | SECTION P |
| **BURL CAIN, WARDEN** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on August 8, 2007 by *pro se* petitioner Curley Lyons, Jr.[1] Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving a thirty year sentence imposed following petitioner's September 25, 2002 conviction for manslaughter and subsequent adjudication as an habitual offender entered in the Sixteenth Judicial District Court for St. Mary Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the petition be

---

[1] The petition was filed by the Clerk of this court on August 10, 2007. However, the Memorandum in Support of the petition is signed by petitioner on August 8, 2007, and the envelope containing the petition is postmarked August 8, 2007. Accordingly, the undersigned has given petitioner the benefit of the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir.1998).

**DENIED** and **DISMISSED WITH PREJUDICE** because it is barred by the one-year period of limitations codified at 28 U.S.C. § 2244(d).

### Statement of the Case

Petitioner was indicted by the St. Mary Parish Grand Jury for second degree murder of Lawrence "Flash" Pentard.  On September 25, 2002, following a jury trial, he was convicted of manslaughter.  Petitioner was adjudicated a second felony offender and sentenced to serve thirty (30) years at hard labor.

On February 23, 2004, petitioner's conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeals.  *State v. Lyons*, 2003 KA 1514, 868 So.2d 322 (La. App. 1st Cir. 2004) (unpublished).[2]

On September 24, 2004, petitioner's request for discretionary review in the Louisiana Supreme Court was denied.  *State v. Lyons*, 2004 K 0760 (La. 9/24/2004), 882 So.2d 1167.[3]  Petitioner did not seek further direct review in the United States Supreme Court.

On November 14, 2005, petitioner filed an Application for Post-Conviction Relief in the Sixteenth Judicial District Court. [*see* rec. doc. 4-2, p. 9 and 10].  In that

---

[2]On direct appeal in the Third Circuit, petitioner argued three claims for relief: (1) that the trial court erred in refusing to allow petitioner to question witness Robert Nathan about his prior conviction; (2) that his sentence was unconstitutionally excessive; and (3) that the failure to file a motion to reconsider petitioner's sentence should not preclude consideration of his excessive sentencing claim and if it does, that his counsel was ineffective for failing to file the motion.

[3]On direct appeal in the Louisiana Supreme Court, petitioner raised a single claim for relief, that the trial court erred in refusing to allow petitioner to question witness Robert Nathan about his prior conviction.

Application petitioner raised the following claims: (1) denial of the right to present a defense and to cross-examine witness Robert Nathan with the details of a prior rape conviction in which he physically assaulted his victim and threatened her life; and (2) ineffective assistance of counsel because counsel (a) failed to have the petitioner's preliminary hearing testimony suppressed; (b) failed to cross examine Jeanette Henry on a possible charge pending against her to determine her bias or self-interest; (c) failed to secure the initial statements of witnesses Jeanette Henry, Chris Willis, Bryon Pitts and Robert Nathan to "effectuate" effective cross-examination; (d) failed to investigate, locate and obtain the initial statements of alleged potential defense witnesses Don Verrette, Burnell Narcisse, Darren Holmes, Clarence Grimm and Bryon Pitts, and thereafter present their testimony to the jury; (e) failed to present the testimony of Scott Anslum; and (f) failed to seek recusal of the trial judge who had previously prosecuted petitioner's co-defendant, Robert Nathan, for rape.  The trial court denied petitioner's claims for relief on January 6, 2006.

On May 15, 2006, in an unpublished decision, the Louisiana First Circuit Court of Appeal denied petitioner's request for writs.  *State of Louisiana v. Curley Lyons* , 2006 KW 0334 (La. App. 3rd Cir. 5/15/2006) (unpublished).  The Louisiana Supreme Court denied petitioner's writ application on June 1, 2007 without comment.  *State of Louisiana ex rel. Curley Lyons v. State*, 2006 KH 2251 (La. 6/1/2007), 957 So.2d 166.

In the instant petition, filed on August 8, 2007, Lyons raises the same claims he raised in the state post-conviction proceedings.[4]

## Law and Analysis

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year period of limitations for the filing of an application for writ of *habeas corpus* by state convicts.  This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[5]

The tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction

---

[4]*See* fn. 1, *supra*.

[5] Petitioner alleges no state created impediment which implicated the Constitution or other federal law which prevented the timely filing of the instant petition, nor does he base his petition on any newly recognized retroactively applicable constitutional right, or on claims for which the factual predicate was only recently discovered.  *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D).  Accordingly, these subsections are inapplicable.

relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467 citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

In order to do an accurate timeliness analysis under § 2244(d)(1)(A), three dates are generally necessary: (1) the date upon which the judgment became final, either by the conclusion of direct review or the expiration of the time for seeking direct review; (2) the date upon which an application for post-conviction or other collateral relief was properly filed; and (3) the date upon which the application for post-conviction or other collateral relief ceased to be properly filed and thus was no longer pending.

Review of petitioner's conviction and sentence on direct appeal was denied by the Louisiana Supreme Court on September 24, 2004, and petitioner did not seek further direct review in the United States Supreme Court. Thus, petitioner's conviction became final after the delay for seeking direct review in the United States Supreme Court expired, that is, at the latest, December 23, 2004, ninety days after the Louisiana Supreme Court's denial of review on direct appeal. *See* Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003); *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1077 at fn. 3 (2003). Under 28 U.S.C. § 2244(d)(1), petitioner had one year, or until December 23, 2005, to file for relief in this court.

Petitioner filed his Application for Post-Conviction Relief in the 16th Judicial District Court on November 14, 2005, and this filing remained properly filed and pending and thus tolled the limitations period, until June 1, 2007 when the Louisiana Supreme Court denied discretionary review. *See Lawrence v. Florida,*-- U.S. --, 127 S.Ct. 1079, 1083-1084 (2007) (holding that statutory tolling ends when the state courts have finally resolved an application for post-conviction relief, that is, when the highest state court has issued its ruling). Therefore, prior to filing his Post-Conviction Application, a period of 324 days of the one-year limitation period had elapsed.

Petitioner did not file the instant federal petition for *habeas corpus* relief until 66 days later, at the earliest, on August 8, 2007. By that time, however, the federal one-year limitation period had expired; a period of 390 un-tolled days had elapsed. Therefore, giving petitioner the benefit of every doubt, it is clear that the instant federal *habeas* petition is statutorily time-barred, and dismissal on that basis is appropriate.

Petitioner is also unable to rely upon the doctrine of equitable tolling. To be entitled to equitable tolling, petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). *See also Coleman v. Thompson*, 184 F.3d 398, 402-403 (1999), *cert. denied* 120 S.Ct. 2564 (2000); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000).

Petitioner has failed to demonstrate any extraordinary circumstance which in any way prevented his timely filing. Neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 *citing Fisher*, 174 F.3d at 714. *See also Coleman,* 184 F.3d at 402. Additionally, even attorney error or neglect is not such an extraordinary circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002). This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel. *Id.*

Moreover, under the circumstances presented, the undersigned cannot find that petitioner diligently pursued federal *habeas* relief. Here, petitioner did not even attempt to collaterally challenge his conviction in the Louisiana state courts until shortly before the federal one-year limitation period expired. Furthermore, petitioner waited over two months after the Louisiana Supreme Court denied review in post-conviction proceedings before filing in this court. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman,* 184 F.3d at 402 citing *Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999).

In accordance with the foregoing analysis, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d). Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the

one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 2nd day of May, 2008.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE